IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JIMMY EUGENE COLESON,

    Plaintiff,

vs.                                     Case No. 4:12cv576-RH/CAS

WILLIAM EDDINS
and DAVID RIMMER,

    Defendants.

    _____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding pro se and in forma pauperis, filed an amended civil rights complaint under 42 U.S.C. § 1983. Doc. 8. Plaintiff has amended his complaint to name two Assistant State Attorneys as Defendants in this case: David Rimmer and William Eddins. Doc. 8. Plaintiff contends that Defendant Rimmer filed a false Information against Plaintiff on April 12, 2006. *Id.* at 9. Plaintiff asserts it was false because Defendant Rimmer "never had said sworn testimonies from any witnesses or material witnesses as claimed under oath" and that by filing the Information, Defendant committed fraud and perjury. *Id.* at 10. Plaintiff claims his arrest was in violation of his Fourth Amendment rights, that there was no probable cause, and the court lacked subject matter jurisdiction. *Id.* at 10. He also contends that

the State failed to disclose all material facts "to the defense, which constitutes a 'Brady' violation," and violated Plaintiff's due process rights. *Id.* at 11.

Plaintiff further contends both Defendants misrepresented the facts during Plaintiff's arraignment and "mislead" Plaintiff in entering a plea of not guilty.[1] *Id.* at 11. Plaintiff does not specifically state what facts were allegedly misrepresented, but later in the amended complaint, Plaintiff contends Defendant Rimmer "mislead the jury when submitting that his witnesses testified that [Plaintiff] was the driver of the vehicle, which was involved in the accident." *Id.* at 12. Plaintiff asserts that no witness identified him as the driver.[2] *Id.*

Plaintiff also claims the Defendants "abused the process when they deliberately created laches and delays in resolving the legal entanglements." *Id.* at 12. Plaintiff asserts that while prosecutors generally enjoy absolute immunity, they do not have immunity when they knowingly file "arrest affidavits based on false testimonies or lack thereof." *Id.* at 13.

Plaintiff acknowledges that as a result of the prosecution, he was convicted and "eventually sentenced to serve a term of 124.8 months in the Florida Department of Corrections . . . ." *Id.* at 13. As relief, Plaintiff requests this Court review his case "and rule on the claim of misrepresentation of facts, and possible fraud" and "abuse of process." *Id.* at 16. Plaintiff seeks monetary damages of one dollar. *Id.*

---

[1] This argument is frivolous, suggesting if other facts had been presented Plaintiff might have entered a guilty plea. Plaintiff did not enter into a contract as he alleges by entering a not guilty plea. Doc. 8 at 11. Moreover, by entering a not guilty plea, Plaintiff was not "essentially . . . pleading to the merits . . . ." *Id.*

[2] As will be noted ahead, Plaintiff's assertion is demonstrated to be false.

Judicial notice is taken that when Plaintiff initiated this case, his claims were against two different Defendants and he claimed they "exhibited a pattern of deliberate indifference by failing to response or answer to Jimmy Eugene Coleson's Petition for Writ of Habeas corpus presently pending in" the Pensacola Division of this Court. Doc. 1 at 8.[3] Plaintiff also claimed that Defendants were abusing the judicial process. *Id.* at 9-10. His claims have undergone a metamorphosis to avoid dismissal as Plaintiff was advised that his complaint did not allege a viable claim for the denial of his right of access to the courts under the First Amendment. Doc. 6. Plaintiff has now brought different claims against different Defendants, but the finding remains the same: Plaintiff's amended complaint, doc. 8, does not present viable claims.

The first reason Plaintiff's amended complaint is not viable is because Plaintiff is indirectly seeking to challenge his conviction. While Plaintiff has not specifically requested this Court vacate his conviction, Plaintiff is attempting to seek monetary damages for alleged violations which are related to his conviction. A sentence or conviction that has not yet been reversed or invalidated is not cognizable under 42 U.S.C. § 1983. Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 2372, 129 L. Ed. 2d 383 (1994). To recover damages for an allegedly unconstitutional conviction or imprisonment, a plaintiff must prove that the conviction or sentence has been reversed on appeal, expunged by an executive order, declared invalid by a state tribunal, or

---

[3] Judicial notice was taken that Plaintiff initiated the habeas petition on March 2, 2012, doc. 1, and filed an amended petition, doc. 10, on March 30, 2012. Doc. 6 of this case. It was further noted that after several extensions of time, Respondent filed a response to the amended petition on November 16, 2012. Doc. 26 of case number 3:12cv96-MCR/EMT. In Plaintiff's habeas case, a report and recommendation was entered on February 4, 2013, recommending denial of Plaintiff's amended petition. Doc. 31, case number 3:12cv96.

called into question by a federal court's issuance of a writ of *habeas corpus. Id*. Until a plaintiff's conviction or sentence has been overturned, a claim under § 1983 has not yet arisen. *Id*. at 2373. Plaintiff's conviction has not been overturned, rather, it was upheld in the recent denial of his habeas petition in case number 3:12cv96. Because Plaintiff's claims are barred by Heck, this case must be dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

A second reason for dismissal is that well established law provides a prosecutor with "absolute immunity from § 1983 suits for damages when he [or she] acts within the scope of his [or her] prosecutorial duties." Imbler v. Pachtman, 424 U.S. 409, 420, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976). "Such immunity is absolute with respect to those activities that are "intimately associated with the judicial phase of the criminal process." Van de Kamp v. Goldstein, 555 U.S. 335, 341, 129 S.Ct. 855, 860, 172 L.Ed.2d 706 (2009) (quoting Imbler, 424 U.S. at 430, 96 S.Ct. at 995). "In the years since Imbler, we have held that absolute immunity applies when a prosecutor prepares to initiate a judicial proceeding, or appears in court to present evidence in support of a search warrant application." Van de Kamp, 555 U.S. at 343, 129 S.Ct. at 861 (internal citations omitted). In this case, the activities alleged by Plaintiff are all part of presenting the State's case against Plaintiff in his criminal trial. The Defendants are shielded by absolute immunity, even if the Defendants, in their capacities as state prosecutors, knowingly proffered perjured testimony or fabricated exhibits. Burns v. Reed, 500 U.S. 478, 493, 111 S.Ct. 1936, 1943, 114 L.Ed.2d 547 (1991); *see also* Briscoe v. LaHue, 460 U.S. 325, 103 S.Ct. 1108, 75 L.Ed.2d 96 (1983) (finding police offer was entitled to absolute immunity for testimony in judicial proceedings "even if the witness knew the

statements were false and made them with malice."); Rowe v. City of Fort Lauderdale, 279 F.3d 1271, 1279-80 (11th Cir. 2002) (holding that even if prosecutor "knowingly proferred perjured testimony and fabricated exhibits at trial, he is entitled to absolute immunity from liability for doing so."). Thus, even without the Heck bar, Plaintiff could not pursue his claims against the two Defendants who brought the criminal prosecution against him. This case should also be dismissed because Plaintiff seeks "monetary relief against a defendant who is immune from such relief" under § 1915(e)(2)(B)(iii).

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's amended complaint, doc. 8, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and because Plaintiff has sought money damages from defendants who are immune from such relief pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii), and that the order adopting this report and recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii),(iii).

**IN CHAMBERS** at Tallahassee, Florida, on February 14, 2013.


  S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

Case No. 4:12cv576-RH/CAS